IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD E. JACOBS,
      Petitioner,

vs.                          Case No: 3:09cv575/MCR/EMT

SECRETARY, DEP'T OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a habeas petition under 28 U.S.C. § 2254 (Doc. 1). On May 25, 2010, this court entered an order giving Petitioner twenty (20) days in which to verify his address of record and notify the court of his continued interest in this case (Doc. 20). Petitioner failed to respond to the order; therefore, on June 21, 2010, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 22). The time for compliance with the show cause order has now elapsed with no response from Petitioner.[1]

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 23rd day of July 2010.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] A copy of each order was mailed to Petitioner at the address he personally provided to the clerk of court on June 24, 2010 (*see* Doc. 23). Over twenty (20) days from that date have elapsed, and the court has still received no response from Petitioner.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**